UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher Guthrie and Alexis Guthrie,

        Plaintiffs,

    v.

Bank of America, National Association,
BAC Home Loans Servicing LP, and
The Bank of New York Mellon,

        Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 12-01585 ADM/LIB

_____

Alexis Guthrie and Christopher Guthrie, pro se.

Andre T. Hanson, Esq., Ronn B. Kreps, Esq., and Sparrowleaf Dilts McGregor, Esq., Fulbright & Jaworski LLP, Minneapolis, MN, on behalf of Defendants.

_____

## I. INTRODUCTION

On October 18, 2012, the undersigned United States District Judge heard oral argument on Defendants Bank of America, N.A.'s ("Bank of America"), BAC Home Loans Servicing LP's, and The Bank of New York Mellon's ("BNYM") Motion to Dismiss Plaintiffs' Complaint [Docket No. 3]. Plaintiffs Alexis Guthrie and Christopher Guthrie appeared but did not oppose the motion. For the reasons set forth below, Defendants' motion to dismiss is granted without prejudice.

## II. BACKGROUND

On March 5, 2007, Plaintiffs obtained a loan secured by a mortgage on their home from Countrywide Financial Corp., doing business as "America's Wholesale Lender" ("Countrywide"). Notice of Removal [Docket No. 1] Ex. 1 (Complaint) ¶ 1. Mortgage Electronic Registration Systems, Inc. ("MERS") served as Countrywide's nominee and original

mortgagee. Notice of Removal Ex. 2 at 2 (Sheriff's Certificate of Sale and Foreclosure Record). MERS assigned its interest in the mortgage to BNYM, and BNYM recorded this interest on March 29, 2011. Id. Bank of America serviced Plaintiffs' loan. Id.

Defendants contend, and Plaintiffs do not dispute, that Plaintiffs defaulted on their loan by March 2010. Notice of Removal Ex. 2 at 15 (Help for Homeowners in Foreclosure Notice); see Compl. ¶ 4. On or about April 22, 2011, BNYM began the foreclosure process by serving a Notice of Mortgage Foreclosure Sale on Plaintiffs. Compl. ¶ 3; Notice of Removal Ex. 2 at 12. On October 4, 2011, Defendants held a foreclosure sale, at which BNYM purchased the residential property subject to the mortgage. Id. ¶¶ 9, 13. On or about May 11, 2012, BNYM began an eviction action against Plaintiffs. Id. ¶ 12.

On May 29, 2012, Plaintiffs filed this action with the Mille Lacs County District Court of the State of Minnesota, alleging: (1) a failure to properly notice the foreclosure sale; and (2) promissory estoppel.[1] See Compl. ¶¶ 6, 13. Plaintiffs request that the Court void the foreclosure sale, order a continuation of Plaintiffs' loan modification process, and award Plaintiffs $200,000 for emotional distress, lost wages, and other costs. Compl. ¶ 13. On June 29, 2012, Defendants removed this action to federal court on the basis of the Court's original jurisdiction under 28 U.S.C. § 1332(a). Notice of Removal ¶¶ 5-9.

---

[1] Because Plaintiffs appear pro se, the Court reads the Complaint liberally. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Although Plaintiffs do not explicitly allege promissory estoppel, they allege that Bank of America "assured" them that the foreclosure sale would be postponed and that by relying on these assurances, Plaintiffs lost the opportunity to repurchase their home. Compl. ¶¶ 6-7, 13.

## III. DISCUSSION

Defendants brought their motion to dismiss the Complaint on July 20, 2012. Defendants argue that even when the Complaint is liberally construed, Plaintiffs have failed to state a claim for relief in accordance with Federal Rule of Civil Procedure Rule 12(b)(6). Defs.' Mem. Supp. Mot. to Dismiss [Docket No. 6] at 6-13. As Defendants correctly note in their subsequent reply brief, Plaintiffs did not submit any response to Defendants' motion. Defs.' Reply Supp. Mot. to Dismiss [Docket No. 9] at 1.

However, on September 26, 2012, Plaintiffs initiated a second action based on the same set of underlying facts, this time directly before the United States District Court for District of Minnesota.[2] Complaint, Guthrie v. Bank of Am., N.A., Civ. No. 12-cv-02472 ADM/LIB (D. Minn. Sept. 26, 2012) [Docket No. 1]. Plaintiffs' second complaint purports to focus on previously-unaddressed federal law violations. See id. In this second action, Plaintiffs filed a Motion for Emergency Injunctive Relief, in which Plaintiffs request a stay of Defendants' eviction proceedings against Plaintiffs. Pls.' Mot. for Emergency Inj. Relief, Guthrie, Civ No. 12-cv-02472 ADM/LIB (D. Minn. Oct. 3, 2012) [Docket No. 6]. As of October 18, 2012, Plaintiffs had not served Defendants with their second complaint or their injunctive relief motion.

At oral argument, Plaintiffs agreed that the Complaint in the instant action should be dismissed. Plaintiffs stated that they have instead chosen their second complaint and their

---

[2] Plaintiffs' second action was initially assigned to Judge Paul A. Magnuson. Because this second action closely relates to Plaintiffs' first action, Judges Magnuson and Montgomery ordered the action reassigned to Judge Montgomery in accordance with § 6 of the Court's Order for Assignment of Cases, dated December 1, 2008. Order, Oct. 11, 2012 [Docket No. 11].

3

motion for injunctive relief as their avenues for recourse, and offered argument in support of their motion. As a result, the Court grants Defendants' motion but dismisses the Complaint without prejudice.

With respect to the second action, civil case no. 12-02472, if Defendants waive service of Plaintiffs' complaint and motion for injunctive relief, Defendants shall have until November 16, 2012, to respond to Plaintiffs' motion by written submission. The Court will then take the motion for injunctive relief under advisement without further written or oral argument. Should Defendants choose not to waive service, the Court shall issue a revised deadline for response.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss [Docket No. 3] is **GRANTED**;

2. All claims alleged in the Complaint are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


　　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 19, 2012.